**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE CARLOS LOPEZ, | No. 08-16827 |
| Plaintiff - Appellant, | D.C. No. 3:06-cv-04772-NJV |
| v. | |
| WARDEN HOREL; M. VALDEZ, | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Nandor J. Vadas, Magistrate Judge, Presiding

Submitted January 21, 2010 [**]

Before:  SKOPIL, FARRIS and LEAVY, Circuit Judges.

Jose Carlos Lopez, a California state prisoner, appeals the district court's

rejection of his claims that prison officials violated his due process rights by

validating him as a gang member and placing him in administrative segregation.

We affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

**DISCUSSION**

"It is clear . . . that prisons have a legitimate penological interest in stopping prison gang activity." *Bruce v. Ylst*, 351 F.3d 1283, 1289 (9th Cir. 2003). To that end, California has developed procedures to identify and segregate gang members. *See* 15 C.C.R. § 3378. Due process in that context requires only an informal, nonadversary proceeding where the inmate receives notice of the charges and an opportunity to present his views to the prison officials making the decision. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1100 (9th Cir. 1986).

Here, Lopez participated in interviews with prison officials, was informed of the evidence indicating his status as a gang member, and was given the opportunity to respond. That procedure satisfies the due process requirements. *See Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir. 1994) (holding prisoner's due process rights were not violated when he was notified of a reclassification and had an opportunity to present his views); *Toussaint v. McCarthy*, 926 F.2d 800, 803 (9th Cir. 1990) (noting due process requires a prisoner have the opportunity to present his views to the official deciding whether to transfer the prisoner to administrative segregation).

Lopez contends there was insufficient evidence to validate him as a gang member. We disagree. Prison officials relied on reports from a confidential informant, gang symbols found in Lopez's cell, and seized communications

between Lopez and known gang members. Such evidence is plainly sufficient to meet the "some evidence" standard used in these circumstances, and accordingly, there was no due process violation. *See Bruce*, 351 F.3d at 1287-88 (holding no due process violation when prison officials relied upon a police report indicating the inmate had been associated with a gang, the inmate's codefendant was a gang member, and a confidential prison informant identified the inmate as a gang member); *Zimmerlee v. Keeney*, 831 F.2d 183, 186-87 (9th Cir. 1987) (holding "some evidence" standard may be satisfied with information obtained from a reliable and credible informant).

Finally, Lopez asserts the district court should have granted his request for appointed counsel. Although generally a civil litigant has no right to counsel, a court may appoint counsel when there are "exceptional circumstances." *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009), *cert. denied*, ___ S. Ct. ___ (U.S. Jan. 25, 2010) (No. 09-6429). We agree with the district court that Lopez failed to demonstrate any exceptional circumstance to warrant an appointment of counsel.

**AFFIRMED**.